IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES BREWER | § | |
| | § | |
| v. | § | 2:10-CV-0192 |
| | § | |
| UNITED STATES OF AMERICA | § | |

# REPORT AND RECOMMENDATION TO
# DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant, JAMES BREWER, has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons set forth, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

## I.
## PROCEDURAL BACKGROUND

In February 2007, defendant JAMES BREWER and others were charged in an indictment alleging them to be in a methamphetamine conspiracy.  On July 20, 2007, defendant BREWER pled guilty to a one-count superseding information charging him with intent to distribute methamphetamine.  He did not appeal his conviction or sentence and did not, within the one-year period after his conviction became final, file any § 2255 action.  In fact, BREWER filed nothing challenging his conviction or asserting any claim of actual innocence until June 30, 2010, when he filed a "Notice and Request For Appeal (Out of Time)."  With that request for an out of time appeal, BREWER attached a May 21, 2010 letter from the U.S. Attorney with attachments from

a state court case. The letter from the U.S. Attorney had been sent to BREWER's prior attorney who had forwarded it to BREWER. The letter from the U.S. Attorney stated the state court findings might constitute impeachment evidence with respect to a DEA agent who had worked on the methamphetamine conspiracy case in which BREWER was charged.

On August 4, 2010, the Court recharacterized BREWER's "Notice and Request For Appeal (Out of Time)" as a motion under 28 U.S.C. § 2255, and on August 19, 2010, pursuant to court order, BREWER filed his motion under 28 U.S.C. § 2255 on the forms used by this Court.

In that August 19, 2010 § 2255 motion, BREWER alleged (1) the information he had received from the U.S. Attorney was impeachment evidence and that he had pled guilty to false charges, and (2) that his attorney failed to investigate the charges against him and threatened he would receive more time if he did not plead guilty.

BREWER was advised by court order that his 2255 motion was conclusory and subject to dismissal. He was permitted to supplement his motion with a memorandum filed October 14, 2010. (Court Order, dated September 29, 2010).

II.
DEFENDANT'S ALLEGATIONS

In that October 14, 2010 "Verified Memorandum in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255," BREWER alleges his conviction should be set aside because:

1. The charges against him were based upon an unreliable drug enforcement agent's testimony;

2. There was no proof he ever possessed any drugs and he professed his innocence to his attorney;

    3.    His trial counsel failed to investigate the case to attempt to disprove the government's allegations;

    4.    The government failed to disclose the unreliability of a DEA agent who had previously committed perjury;

    5.    He would not have pled guilty if his attorney would have investigated the case or if the government would have noticed defense counsel; and

    6.    His due process rights were violated where there was no evidence to substantiate the charges by the government and the false allegations of the DEA agent who is less than credible.

## III.
## THE MERITS OF DEFENDANT'S ALLEGATION

Any allegations of ineffective assistance of counsel relating to a failure to properly investigate the case or based upon claims of undue pressure to persuade defendant BREWER to plead guilty, which are not based upon the information furnished by the government in 2010 are barred by limitations and/or were waived when BREWER entered his guilty plea in July 2007. A plea of guilty waives all claims of violations of constitutional rights occurring prior to entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1607-08, 36 L.Ed.2d 235 (1973). BREWER's allegation number two that there was no proof he ever possessed any drugs and that he professed his innocence to his attorney, and his allegation number three that his trial counsel failed to investigate the case to attempt to disprove the government's allegations are claims which fall into that category and are not cognizable in this 2255 action.

Turning to those parts of allegations one, four, five, and six, which are based either in whole or in part on the information furnished by the government in 2010, it appears BREWER is alleging that (ground 1) the charges against him were based on the testimony of a DEA agent

who has been shown to be unreliable, that (ground 4) the government failed to disclose the unreliability of the DEA agent who BREWER also alleges committed perjury, that (ground 5) he would not have pled guilty if the government would have noticed defense counsel which the Court construes to be an allegation that he would not have pled guilty if the government had provided the impeachment information prior to BREWER's plea, and (ground 6) that his due process rights were violated by the false allegations of the DEA agent who is less than credible. That part of ground five alleging he would not have pled guilty if his attorney would have investigated the case and the part of ground six alleging his due process rights were violated because there was no evidence to substantiate the charges by the government are barred by limitations or are waived by the guilty plea, the same as grounds two and three.

## A.
## Evidence of Guilt

Evidence of BREWER's guilt was not based solely on the DEA agent's testimony and/or investigation, and BREWER's claim that there was no evidence to support the charges against him is without merit. While the court records do not contain an abundance of inculpatory evidence since the case did not go to trial as to BREWER, there is evidence of BREWER's guilt. First, the factual resume, sworn by defendant BREWER to be true, establishes that in March 2005, defendant BREWER moved into a mobile home located at 7403 Amarillo Boulevard East, Amarillo, Texas. This mobile home was owned by Itthison Phengsengkham (a co-defendant), who was a friend of BREWER. Itthison Phengsengkham provided methamphetamine to BREWER, which BREWER then sold to BREWER's friends and acquaintances. During the first week of March 2005, BREWER sold approximately eight ounces of methamphetamine.

The Presentence Report in this case reflects that on August 22, 2005, a confidential informant acting under the direction of the DEA purchased approximately one ounce of methamphetamine at Itthison Phengsengkham's residence in Amarillo, Texas, and that defendant BREWER was present.  The confidential informant advised DEA agents he had obtained at least one ounce of methamphetamine from BREWER on a daily basis (PSR ¶ 21).  The Presentence Report also reflects that on July 18, 2006, a co-defendant, Robert Petersen, told agents he had received one ounce of methamphetamine from BREWER.  Petersen further advised the agents he received 2-3 ounces of methamphetamine per day from BREWER, and that he was introduced to Itthison Phengsengkham by BREWER (¶ 26).  The PSR also discloses defendant BREWER advised the probation officer that he had known Itthison Phengsengkham since 1998.  BREWER acknowledged he began selling methamphetamine during late 2004 and quit approximately June 2006.  BREWER estimated he sold an average of 1-2 ounces of methamphetamine per week and advised that he quit selling drugs because he was tired of the lifestyle (PSR ¶ 41).

B.
Impeachment Evidence

As set forth above, the impeachment evidence BREWER presents is based upon information provided by the United States Attorney in 2010.  That information involves findings of fact and conclusions of law entered in relation to a motion to suppress in a state court case, Cause Number 48,994-A, *State of Texas vs. Mary Frances Appio*, 47th District Court, Potter County, Texas.  In those state court findings, the state court judge found then DPS Officer Shane Reese (now DEA agent Reese) was not a credible witness.  The judge found his testimony was vague and equivocal and found the prosecutor was compelled to ask leading and bolstering questions to elicit facts.  The judge further found the motion to suppress should be granted

because the defendant did not violate any traffic laws, there was no odor of marijuana in the defendant's vehicle, the defendant did not consent to Officer Reese's search of the vehicle, and that no marijuana, marijuana seeds, marijuana residue, or drug paraphernalia was found in the defendant's vehicle. The judge determined there was no probable cause to search the defendant's vehicle, and that the search of the vehicle was unreasonable and unlawful. While the state trial court judge did not find the officer lied or committed perjury, he did find the officer's testimony was not credible.

Since BREWER pled guilty, he is precluded in this section 2255 action from asserting a *Brady* claim. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The government was under no obligation to disclose the impeachment information to BREWER prior to his plea. *United States v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002), at 633. *See also United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009), holding Fifth Circuit precedent establishes that a guilty plea precludes a defendant from asserting a *Brady* violation. BREWER's admissions under oath that he was guilty are enough to sustain the conviction.

Even if the Court were to speculate on what might have happened if BREWER had chosen to reject the plea bargain and go to trial, BREWER has not shown the failure to disclose the information was prejudicial. First, BREWER has not established the information, summarized above, could properly have been used to impeach DEA agent Reese if BREWER's case had gone to trial and if agent Reese had testified. Even if the Court assumes, for purposes of argument, that the evidence would have been admissible to impeach agent Reese in the event he testified, there has been no showing whatsoever that the impeachment of the agent with this information would have resulted in a different outcome and/or an acquittal.

There is no information indicating that the U.S. Attorney's office was aware of the impeachment information earlier than 2010 and in particular, there is nothing indicating the U.S. Attorney's office was aware of such during the prosecution of defendant BREWER. While the disclosure of this information in 2010 was certainly proper, the mere fact that it was disclosed does not automatically result in a determination that the information could have been used to impeach the DEA agent if he testified at a trial. Certainly there has not been any concession by the government that such information was the type *Brady* information that, if disclosed to a jury at trial, would have resulted in a finding of not guilty. While defendant BREWER, upon receipt of this information, has construed it as some sort of a "get out of jail free card," the information is just not that significant. Clearly, it is not the type of information which would call the fairness of the proceedings against defendant BREWER into question.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Vacate, Set Aside, and Correct Sentence, filed by defendant, JAMES BREWER, be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 20th day of July, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

    Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).